IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DFW LINQ TRANSPORT, INC.**                                               **PLAINTIFF**

V.                                                                 **NO. 1:22-CV-184-DMB-DAS**

**UNITED FURNITURE
INDUSTRIES, INC.; and U F I
TRANSPORTATION, LLC**                                            **DEFENDANTS**

## ORDER

On December 2, 2022, DFW LinQ Transport, Inc., filed a complaint in the Northern District of Mississippi against United Furniture Industries, Inc., and U F I Transportation, LLC. Doc. #1. Asserting diversity jurisdiction, DFW LinQ alleges that (1) it is a Texas corporation with a principal place of business in Texas; (2) United Furniture is an Ohio corporation with its principal place of business in Mississippi; (3) UFI Transportation is a limited liability company and "none of UFI's members are citizens of Texas;" and "the amount in controversy is in excess of $75,000." *Id.* at 1–2.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). To allege the citizenship of a corporation, a party must "set out the principal place of business of the corporation as well as the state of its incorporation." *Id.* at 282. But "[t]he citizenship of an LLC is determined by the citizenship of

all its members. So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." *Acadian Diagnostic Laboratories, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) (cleaned up).

Because UFI Transportation is alleged to be a limited liability company, DFW LinQ must identify UFI Transportation's members and the citizenship of each to properly allege diversity. DFW LinQ's allegation that "none of UFI's members are citizens of Texas,"[1] is insufficient because a "negative allegation is not a distinct and affirmative allegation of citizenship." *Tubwell v. Specialized Loan Serv., LLC*, No. 3:17-cv-15, 2017 WL 1450598, at *3 (N.D. Miss. Apr. 12, 2017); *see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (allegation that defendant was not a citizen of particular states did not establish citizenship for diversity purposes). Accordingly, within seven (7) days of the entry of this order, DFW LinQ may file a statement of amendment pursuant to 28 U.S.C. § 1653 to properly allege diversity jurisdiction.

**SO ORDERED**, this 5th day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Doc. #1 at 2.